[Cite as *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224.]

CHESAPEAKE EXPLORATION, L.L.C. *v.* OIL & GAS COMMISSION ET AL.

[Cite as *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*,

135 Ohio St.3d 204, 2013-Ohio-224.]

*Oil and gas wells—Issuance of permit to drill not appealable—R.C. 1509.03, 1509.06, and 1509.36—Writ of prohibition issued.*

(No. 2012-1207—Submitted January 9, 2013—Decided January 30, 2013.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1} This is an action for a writ of prohibition to prevent respondents, the Ohio Oil and Gas Commission and three of its five members, from exercising jurisdiction in an appeal from the issuance by the chief of the Ohio Division of Oil and Gas Resources Management of a permit to relator, Chesapeake Exploration, L.L.C. ("Chesapeake"), to drill an oil and gas well, and to vacate the commission's actions in the appeal. Because the commission patently and unambiguously lacks jurisdiction over the appeal from the chief's issuance of the permit, we grant the writ.

**Facts**

{¶ 2} In 2004, Summitcrest, Inc. entered into an oil and gas lease with Mason Dixon, who assigned the lease to Burlington Resources. A portion of Burlington's lease interests was ultimately assigned to Chesapeake, which is an Oklahoma limited-liability company that is registered to do business in Ohio.

{¶ 3} Chesapeake applied to the Ohio Division of Oil and Gas Resources Management for a permit under R.C. 1509.06 to drill an oil and gas well on the lease property. In March 2012, the chief of the division issued a permit to

Chesapeake to drill the well. Summitcrest appealed the chief's issuance of the permit to the Oil and Gas Commission.

{¶ 4} Under R.C. 1509.36, the chief of the division is the appellee in appeals from orders of the chief. The division filed a motion to dismiss the appeal based on its claim that the issuance of permits to drill oil and gas wells did not constitute an order that was appealable to the commission. Chesapeake intervened and joined in the division's motion to dismiss.

{¶ 5} On July 10, 2012, the commission denied the motion to dismiss, relying on former R.C. 1509.03(B) and its determination that "the statutory and regulatory provisions directly addressing the jurisdiction of the Oil & Gas Commission did not specifically preclude an appeal of the Chief's issuance of a drilling permit to the Oil & Gas Commission." The three members who voted to deny the motion constituted a quorum of the commission, with the two remaining members recusing themselves.

{¶ 6} On July 19, 2012, Chesapeake filed this action for a writ of prohibition to prevent respondents, the Oil and Gas Commission and the three commission members who denied the motion to dismiss the appeal, from exercising further jurisdiction in the appeal and to vacate any actions taken by them. On July 23, the commission heard the appeal, and on August 8, the commission decided the merits of the appeal by affirming the issuance of the drilling permit to Chesapeake. No party appealed the commission's August 8 order.

{¶ 7} On August 31, respondents filed a motion to dismiss this prohibition case based on mootness, and on September 10, Chesapeake filed a memorandum in opposition. Summitcrest filed a motion to intervene as an additional respondent, but it later withdrew the motion after the commission decided the merits of its appeal on August 8. We denied respondents' motion to dismiss, granted an alternative writ, and issued a schedule for the presentation of

evidence and briefs. 133 Ohio St.3d 1408, 2012-Ohio-4650, 975 N.E.2d 1027. We later denied respondents' motion for leave to argue lack of standing in their merit brief. 133 Ohio St.3d 1480, 2012-Ohio-5246, 978 N.E.2d 205.[1]

{¶ 8} This cause is now before the court for our consideration of the merits.

**Analysis**

{¶ 9} To be entitled to the requested writ of prohibition, Chesapeake must establish that (1) the commission and its members are about to or have exercised quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18 and 23; *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12.

{¶ 10} The commission and its named members exercised quasi-judicial power by accepting jurisdiction over Summitcrest's appeal from the division chief's issuance of an oil and gas permit to Chesapeake. The appeal provided in R.C. 1509.36 requires a hearing resembling a judicial trial. *See Miller* at ¶ 13.

{¶ 11} For the remaining requirements, "[i]f an inferior tribunal patently and unambiguously lacks jurisdiction, prohibition will lie to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *State ex rel. Baker v. State Personnel Bd. of Review*, 85 Ohio St.3d 640, 642, 710 N.E.2d 706 (1999). "Where jurisdiction is patently and unambiguously lacking, relators need not establish the lack of an

---

1. Chesapeake has standing to raise its prohibition claim. An entity has standing in a prohibition case if it "is either a party to the proceeding sought to be prohibited * * * or demonstrates an injury in fact to a legally protected interest." *State ex rel. Matasy v. Morley*, 25 Ohio St.3d 22, 23, 494 N.E.2d 1146 (1986). Chesapeake was a party to the appeal it sought to prohibit, and it was forced to expend time and money to defend against the appeal that it claims the commission lacked jurisdiction to decide.

adequate remedy at law because the availability of alternate remedies like appeal would be immaterial." *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

{¶ 12} The dispositive issue is thus whether the Oil and Gas Commission patently and unambiguously lacked jurisdiction over Summitcrest's appeal.

*Patent and Unambiguous Lack of Jurisdiction*

{¶ 13} The General Assembly created the Oil and Gas Commission. *See* R.C. 1509.35(A) ("There is hereby created an oil and gas commission consisting of five members appointed by the governor"). Because the commission is a creation of state law, "its powers and duties extend only so far as the statutes grant authority, while being constrained by whatever limits the statutes impose." *Delaney v. Testa*, 128 Ohio St.3d 248, 2011-Ohio-550, 943 N.E.2d 546, ¶ 20 (office of county auditor); *see also Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 87 Ohio St.3d 363, 367, 721 N.E.2d 40 (2000) (county board of revision); *Morgan Cty. Budget Comm. v. Bd. of Tax Appeals*, 175 Ohio St. 225, 193 N.E.2d 145 (1963), paragraphs three and four of the syllabus (state board of tax appeals). "When the General Assembly grants an administrative agency power to hear appeals, the statutory language determines the parameters of the agency's jurisdiction." *Cuyahoga Cty. Bd. of Cty. Commrs. v. Daroczy*, 10th Dist. No. 08AP-123, 2008-Ohio-5564, ¶ 17.

{¶ 14} Under R.C. 1509.36, "[a]ny person adversely affected by an order by the chief of the division of oil and gas resources management may appeal to the oil and gas commission for an order vacating or modifying the order." For oil and gas wells, however, a permit to drill a new well, drill an existing well deeper, reopen a well, convert a well to any use other than its original purpose, or plug back a well to a different source of supply, including associated production operations, is not considered to be an order of the chief of the division. R.C. 1509.06(F) ("The issuance of a permit shall not be considered an order of the

chief"). Because these statutes relate to the same subject matter, they are considered in pari materia so as to give full effect to the provisions. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 11; *State ex rel. Colvin v. Brunner*, 120 Ohio St.3d 110, 2008-Ohio-5041, 896 N.E.2d 979, ¶ 46.

**{¶ 15}** Although R.C. 1509.36 generally confers appellate jurisdiction on the Oil and Gas Commission over appeals from orders of the chief of the Division of Oil and Gas Resources Management by persons adversely affected, R.C. 1509.06(F) manifestly divests the commission of appellate jurisdiction over the chief's decisions to issue permits for oil and gas wells. *See Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 46 ("the mere fact that the Ohio court has basic statutory jurisdiction to determine custody matters in legal-separation and divorce cases * * * does not preclude a more specific statute * * * from patently and unambiguously divesting the court of such jurisdiction"); *State ex rel. Sanquily v. Lucas Cty. Court of Common Pleas*, 60 Ohio St.3d 78, 80, 573 N.E.2d 606 (1991) ("We need not * * * refuse the writ in every case where 'basic statutory jurisdiction' exists"). That is, by the plain language of these provisions, the chief's issuance of a permit for an oil and gas well does not constitute an order of the chief and cannot be appealed to the commission.

**{¶ 16}** The commission's reliance on former R.C. 1509.03(B) does not warrant a different result. Former R.C. 1509.03(B) provided:

> Any order issuing, denying, or modifying a permit or notices required to be made by the chief pursuant to this chapter shall be made in compliance with Chapter 119. of the Revised Code * * *. Every order issuing, denying, or modifying a permit under this chapter and described as such shall be considered an

adjudication order for purposes of Chapter 119. of the Revised Code.

2011 Am.Sub.H.B. No. 153. A version substantively the same was first enacted in 1982. Am.H.B. No. 745, 139 Ohio Laws, Part II, 4374.

{¶ 17} As Chesapeake cogently observes, former R.C. 1509.03(B) neither expanded the Oil and Gas Commission's appellate jurisdiction under R.C. 1509.36 nor defined which orders of the chief of the Division of Oil and Gas Resources Management are appealable. At most, former R.C. 1509.03(B) merely provided that decisions of the chief *that are considered to be orders* should comply with R.C. Chapter 119. Construing these provisions in this manner does not render R.C. 1509.03(B) superfluous, because it would still apply to certain permits issued by the chief. *See* R.C. 1509.21 (permit issued by chief to conduct secondary or additional mining operations), 1509.22 (permit issued by chief to inject brine or other waste substances into an underground formation), and 1509.27 (permit issued by the chief for a mandatory pooling order).

{¶ 18} Moreover, insofar as former R.C. 1509.03(B) could be found to conflict with R.C. 1509.06(F), the amendment to R.C. 1509.06(F) specifying that the issuance of a permit is not an order, which is the later enactment, prevails. 2010 Sub.S.B. No. 165. *See Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 26, quoting *Davis v. State Personnel Bd. of Rev.*, 64 Ohio St.2d 102, 105, 413 N.E.2d 816 (1980) (" 'Utilizing the rules of statutory construction contained in R.C. 1.12, 1.51, and 1.52, a specific statute, enacted later in time than a preexisting general statute, will control where a conflict between the two arises' ").

{¶ 19} Finally, although "statutes providing for appeals should be given a liberal interpretation in favor of appeal * * *, where jurisdiction is dependent upon a statutory grant, this court is without the authority to create jurisdiction

when the statutory language does not. That power resides in the General Assembly." *Waltco Truck Equip. Co. v. Tallmadge Bd. of Zoning Appeals*, 40 Ohio St.3d 41, 42-43, 531 N.E.2d 685 (1988); *see also State ex rel. Shisler v. Ohio Pub. Emps. Retirement Sys.*, 122 Ohio St.3d 148, 2009-Ohio-2522, 909 N.E.2d 610, ¶ 25 ("there is no need to liberally construe statutes with unequivocal and definite meanings").

{¶ 20} Therefore, because the chief's issuance of a permit to Chesapeake for an oil and gas well did not constitute an order of the chief, R.C. 1509.36 did not confer appellate jurisdiction on the Oil and Gas Commission to review the chief's decision, and the commission patently and unambiguously lacks jurisdiction over Summitcrest's appeal.

### Conclusion

{¶ 21} Based on the foregoing, Chesapeake has established its entitlement to the requested extraordinary relief. Because the pertinent facts are uncontroverted and Chesapeake's right to relief is clear, we grant a writ of prohibition to prevent the Oil and Gas Commission from exercising further jurisdiction in Summitcrest's appeal from the chief's issuance of a permit to Chesapeake for the oil and gas well and to compel the commission to vacate its decisions rendered in the appeal, including its August 8, 2012 decision on the merits.

Writ granted.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

PFEIFER and LANZINGER, JJ., dissent.

_____

**PFEIFER, J., dissenting.**

{¶ 22} At the time of Summitcrest, Inc.'s appeal to the Oil and Gas Commission in this case, the commission did not patently and unambiguously

lack jurisdiction. R.C. 1509.36 provides, "Any person adversely affected by an order by the chief of the division of oil and gas resources management may appeal to the oil and gas commission for an order vacating or modifying the order." Pursuant to former R.C. 1509.03(B), the issuance of a permit by the chief of the division constituted an order:

> Any order issuing, denying, or modifying a permit or notices required to be made by the chief pursuant to this chapter shall be made in compliance with Chapter 119. of the Revised Code * * *. Every order issuing, denying, or modifying a permit under this chapter and described as such shall be considered an adjudication order for purposes of Chapter 119. of the Revised Code.

2011 Am.Sub.H.B. No. 153.

{¶ 23} Thus, the statutes provided that any person adversely affected by an order of the chief of the Division of Oil and Gas Resources Management may appeal to the commission to vacate or modify the order. Former R.C. 1509.03(B) provided that an order by the division that issues a permit is an adjudication order. These statutes, when read in pari materia, gave the commission jurisdiction over Summitcrest's appeal.

{¶ 24} The 2012 amendment to R.C. 1509.03(B)—"Division (B)(1) of this section does not apply to a permit issued under section 1509.06 of the Revised Code"—clears up any ambiguity regarding the interplay of R.C. 1509.03(B) and 1509.06. 2012 Am.Sub.S.B. No. 315. But until that amendment, the commission did not unambiguously lack jurisdiction over appeals of the chief of the division's granting of permits. Accordingly, I dissent.

————————————

**LANZINGER, J., dissenting.**

{¶ 25} The amendment to R.C. 1509.03(B)(1) specifying that division (B)(1) "does not apply to a permit issued under section 1509.06 of the Revised Code," 2012 Am.Sub.S.B. No. 315, did not become effective until September 10, 2012. The previous month, on August 8, the commission had decided the merits of the appeal by affirming the issuance of the drilling permit to Chesapeake and no party had appealed the commission's August 8 order. Because I do not believe that the commission patently and unambiguously lacked jurisdiction at the time that it acted, I respectfully dissent from the order granting the writ of prohibition.

_____

Vorys, Sater, Seymour & Pease, L.L.P., John K. Keller, Robert J. Krummen, and Daniel E. Shuey, for relator.

Michael DeWine, Attorney General, and William J. Cole and Brandon C. Duck, Assistant Attorneys General, for respondents.

_____