[Cite as *State ex rel. Cincinnati Enquirer v. Hunter*, 2013-Ohio-4567.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE EX REL. THE CINCINNATI ENQUIRER, | : | CASE NO. C-130397 |
| | : | |
| Petitioner, | : | *O P I N I O N.* |
| | : | |
| vs. | : | |
| | : | |
| HONORABLE TRACIE M. HUNTER, JUDGE, HAMLTON COUNTY JUVENILE COURT, | : | |
| | : | |
| Respondent. | : | |

Original Action in Prohibition

Judgment of Court:  Writ Denied

Date of Judgment Entry on Appeal:  October 16, 2013

*Graydon Head & Ritchey LLP* and *John C. Greiner*, for Petitioner,

*McKinney and Namei, Farooz T. Namei* and *James F. Bogen*, for Respondent.

**HILDEBRANDT, Presiding Judge.**

{¶1}  Relator the Cincinnati Enquirer ("the Enquirer") instituted this original action seeking a writ of prohibition to stop respondent, the Hon. Tracie Hunter, in her capacity as a judge for the Hamilton County Juvenile Court, from (1) denying members of the press and public access to her courtroom without first conducting a closure hearing; (2) requiring the media to seek permission prior to attending proceedings in her courtroom; and (3) prohibiting the media from publishing the names of juveniles and their parents as a condition of admittance to delinquency proceedings in her courtroom.  For the following reasons, we deny the writ.

{¶2}  Both parties have moved for summary judgment, stipulating to the record in this case, which includes the affidavits of Jennifer Baker, a reporter working for the Enquirer, John Greiner, the attorney for the Enquirer, and Karen Oakley-Everson, the staff attorney working for Judge Hunter.  From these affidavits the following undisputed facts are established.

{¶3}  Baker had been reporting on the beating of a man in the North College Hill neighborhood of Cincinnati that had occurred in August 2012.  Three of the six juveniles involved in that case appeared before Judge Hunter on June 25, 2013, for a hearing on their motions to close their delinquency proceedings to the press and public.  Baker and Greiner attended that hearing.

{¶4}  During the hearing, two of the juveniles requested that the hearing on the motion to close the proceedings be closed to the press and public.  Judge Hunter chose to review the evidence supporting this motion in camera, and continued the matter until July 10, 2013.  Near the end of this hearing, one of the juveniles asked Judge Hunter to hear a motion for bond or release on an unrelated charge

immediately following the current hearing. Judge Hunter consented. Baker wanted to attend the bond hearing, but Oakley-Everson stated that Baker had not requested media access. Because Baker indicated that she only wanted to listen, Oakley-Everson said that she would ask Judge Hunter if Baker could attend the hearing. When Oakley-Everson returned to the courtroom, the hearing was already in progress and Judge Hunter was speaking. As soon as Judge Hunter finished speaking, the hearing was over. Because the hearing had ended, Oakley-Everson did not inform Judge Hunter that Baker had wanted to attend the hearing. Oakley-Everson told Baker that the hearing had ended and Baker left the court.

{¶5} To be entitled to the requested writ of prohibition the Enquirer must establish that (1) Judge Hunter is about to exercise judicial or quasi-judicial power; (2) that the exercise of that power is unauthorized by law; and (3) that denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *Chesapeake Exploration, L.L.C v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 9.

{¶6} In her motion for summary judgment, Judge Hunter argues that the Enquirer cannot support the first prong necessary to prove entitlement to a writ of prohibition. Specifically, she maintains that there is no evidence demonstrating that she is about to exercise judicial power to deny access to the media and public without a closure hearing, to require members of the media to request permission to attend hearings, and once granted access, to prohibit the media from publishing the names of the juveniles. And we are constrained to agree based on the record before us.

{¶7} First, the record is devoid of evidence that Judge Hunter routinely denies the media and public access to her courtroom without first holding a closure hearing. And we cannot even say that the facts established here demonstrate an

3

example of the Enquirer's claim. Oakley-Everson never had the opportunity to relay Baker's request to attend the hearing to Judge Hunter. Thus, Judge Hunter did not even have the opportunity to deny Baker access to the bond hearing without first holding a closure hearing.

{¶8} The record also lacks evidence that Judge Hunter has a standing order requiring members of the media, not wanting to electronically record the proceedings but merely listen, to request permission to attend a hearing. Therefore, there is no support for the assertion that Judge Hunter is about to exercise judicial power requiring the media to seek permission to attend a proceeding in her courtroom. Although Oakley-Everson states in her affidavit that she had told Baker that she "had not filled out a media request form," this does not support an assertion that Judge Hunter has a policy requiring members of the media wanting to listen to, but not electronically record, a proceeding to request permission to attend a hearing, given that Oakley-Everson chose to speak with Judge Hunter after learning that Baker merely wanted to listen to the hearing.

{¶9} Finally, there is no evidence in the record demonstrating that Judge Hunter is about to exercise judicial power by prohibiting members of the media who attend hearings in her courtroom from publishing the names of juveniles who appear before her. Although the Enquirer did attach a copy of one judgment entry in which Judge Hunter prohibited the media from publishing the name of the juvenile in that case, this does not sufficiently demonstrate that Judge Hunter will always prohibit the media from publishing the names of juveniles in every delinquency proceeding in her courtroom.

{¶10} Because there is simply no evidence that Judge Hunter is about to exercise judicial power in an unauthorized manner, we deny the Enquirer's motion for

summary judgment, grant Judge Hunter's motion for summary judgment, and deny the requested writ.

Writ denied.

**CUNNINGHAM,** and **DINKELACKER, JJ.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.