[Cite as *State ex rel. Jones v. Paschke*, 2023-Ohio-1536.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

STATE OF OHIO ex rel.
JEREMY J. JONES,

        Relator,

- vs -

THE HONORABLE JUDGE
CAROLYN J. PASCHKE,

        Respondent.

CASE NO. 2022-G-0037

Original Action for
Writ of Prohibition

---

## P E R   C U R I A M
## O P I N I O N

Decided: May 8, 2023
Judgment: Petition denied

---

*Joseph G. Stafford*, *Nicole A. Cruz*, and *Kelley R. Tauring*, Stafford Law Co., LPA, 55 Erieview Plaza, 5th Floor, Cleveland, OH 44114 (For Relator).

*James R. Flaiz*, Geauga County Prosecutor, and *Linda M. Applebaum*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Chardon, OH 44024 (For Respondent).

PER CURIAM.

{¶1} Relator, Jeremy J. Jones ("Mr. Jones"), filed a verified petition for writ of prohibition against respondent, the Honorable Judge Carolyn J. Paschke ("Judge Paschke"), to prevent Judge Paschke from exceeding her jurisdiction in the matter of *Heidi O'Neill v. Jeremy J. Jones* in the Geauga County Court of Common Pleas by proceeding upon the complaint for grandparent companionship rights pursuant to R.C. 3109.11 that was filed by plaintiff, Heidi O'Neill ("Mrs. O'Neill").

{¶2} This matter is currently before the court for resolution of the parties' competing motions for summary judgment.

{¶3} Since Mr. Jones can prove no set of facts establishing that Judge Paschke "patently and unambiguously" lacks jurisdiction or that he lacks an adequate remedy at law, we grant Judge Paschke's motion for summary judgment, overrule Mr. Jones' motion for summary judgment, and deny Mr. Jones' petition.

**Factual and Procedural History**

{¶4} In his petition, Mr. Jones alleges that on July 12, 2022, Mrs. O'Neill filed a complaint in the Geauga County Court of Common Pleas against Mr. Jones seeking reasonable grandparent companionship/visitation with Mr. Jones' minor son. The minor was born on December 26, 2015, to Mr. Jones and Mrs. O'Neill's deceased daughter, Molly A. Jones, as issue of their marriage. Molly A. Jones died on July 2, 2022.

{¶5} In response, Mr. Jones filed a motion to dismiss, alleging the trial court lacked jurisdiction to determine grandparent visitation pursuant to R.C. 3109.11.

{¶6} In September 2022, the trial court issued a judgment entry denying Mr. Jones' motion to dismiss, finding that the Geauga County Court of Common Pleas has subject matter jurisdiction to proceed on Mrs. O'Neill's complaint. More specifically, the trial court found that R.C. 3109.11, applicable in the underlying case, authorizes a common pleas court to grant reasonable companionship or visitation rights to the parents of a deceased father or mother if the court determines that such visitation is in the best interest of the minor child. Further, juvenile courts do not have original subject matter jurisdiction over visitation motions brought under R.C. 3109.11. Lastly, since the same magistrate presided over the divorce proceedings of Mr. Jones and Molly Jones, and

2

since he is already familiar with the history and circumstances related to the care of the minor child, the interests of justice are better served by the Court of Common Pleas as opposed to the Juvenile Court.

{¶7} In his petition, Mr. Jones contends that the Juvenile Court has jurisdiction to determine claims for grandparent visitation. This is especially so because prior to his divorce proceedings with Molly Jones, he had filed a complaint for neglect and dependency and an ex parte motion for temporary custody against Molly Jones in the Juvenile Court. Ultimately, the Juvenile Court vacated the ex parte temporary custody order after reviewing drug test results of Mr. Jones and Molly Jones and relinquished jurisdiction to the Domestic Relations Division because the parties were married.

{¶8} Mr. Jones also contends the trial court lacks jurisdiction to appoint a guardian ad litem ("GAL") in the underlying matter because it "failed to set forth any statutory grounds for the appointment of a guardian ad litem in a grandparent companionship case." He further asserts that a GAL may only be appointed upon the allocation of parental rights and responsibilities pursuant to R.C. 3109.04.

**Standard of Review**

{¶9} Both parties have moved for summary judgment. To be entitled to summary judgment, they must show that: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977), citing Civ.R. 56(C).

3

**Legal Standards**

**{¶10}** A writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73, 701 N.E.2d 1002 (1998). The purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction. *Id.* As such, it is an extraordinary remedy which is customarily granted with caution and restraint and is issued only in cases of necessity arising from the inadequacy of other remedies. *Id.*

**{¶11}** To be entitled to a writ of prohibition, a relator must establish that (1) the respondent is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18.

**{¶12}** The last two elements can be met by a showing that the trial court "patently and unambiguously" lacked jurisdiction. *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11. "Where an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction and to correct the results of previous jurisdictionally unauthorized actions." *State ex rel. Stern v. Mascio*, 81 Ohio St.3d 297, 298-299, 691 N.E.2d 253 (1998).

4

Case No. 2022-G-0037

**Law and Analysis**

{¶13} A review of Mr. Jones's petition demonstrates he cannot establish that Judge Paschke "patently and unambiguously" lacks jurisdiction or that he lacks an adequate remedy at law.

**Subject Matter Jurisdiction**

{¶14} Mr. Jones incorrectly asserts that the juvenile court should have jurisdiction over Ms. O'Neill's claims for grandparent visitation.

{¶15} The General Assembly authorizes nonparent visitation with a child in three situations: (1) in a divorce, dissolution, legal separation, annulment, or child support proceeding, the court may grant reasonable companionship or visitation rights to any grandparent, any person related to the child by consanguinity or affinity, or any other person other than the parent (R.C. 3109.051(B)(1)); (2) the court may grant the parents and other relatives of the deceased parent reasonable companionship or visitation rights (R.C. 3109.11); and (3) the court may grant grandparents and other relatives reasonable companionship or visitation rights to grandparents and other relatives when the child's mother is unmarried (R.C. 3109.12).

{¶16} Mrs. O'Neill filed her complaint for grandparent visitation pursuant to R.C. 3109.11, which states:

{¶17} "If either the father or mother of an unmarried minor child is deceased, *the court of common pleas* of the county in which the minor child resides may grant the parents and other relatives of the deceased father or mother reasonable companionship or visitation rights with respect to the minor child during the child's minority if the parent or other relative files a complaint requesting reasonable companionship or visitation rights

5

and if the court determines that the granting of the companionship or visitation rights is in the best interest of the minor child. In determining whether to grant any person reasonable companionship or visitation rights with respect to any child, the court shall consider all relevant factors, including, but not limited to, the factors set forth in division (D) of section 3109.051 of the Revised Code. Divisions (C), (K), and (L) of section 3109.051 of the Revised Code apply to the determination of reasonable companionship or visitation rights under this section and to any order granting any such rights that is issued under this section." (Emphasis added.)

{¶18} Jurisdiction is the trial court's "statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); Subject matter jurisdiction is defined as a court's power to hear and decide cases. *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus. Because subject matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. *Wells Fargo Bank, Natl. Assn. v. Elliott*, 5th Dist. Delaware No. 13 CAE 03 0012, 2013-Ohio-3690, ¶ 9.

{¶19} "A juvenile court may exercise jurisdiction only if expressly granted the authority to do so by statute." *Rowell v. Smith*, 133 Ohio St.3d 288, 2012-Ohio-4313, 978 N.E.2d 146, ¶ 13, citing Article IV, Section 4(B), Ohio Constitution ("The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law").

6

Case No. 2022-G-0037

**{¶20}** R.C. 2151.23(A)(2) confers exclusive, original jurisdiction on juvenile courts "to determine the custody of any child not a ward of another court of this state[.]" It has been suggested that this provision "typically encompasses all *custody* disputes between parents and non-parents." (Emphasis added.) *Scavio v. Ordway,* 3d Dist. Shelby No. 17-09-07, 2010-Ohio-984, ¶ 18, citing *In re James*, 113 Ohio St.3d 420, 2007-Ohio-2335, 866 N.E.2d 467, ¶ 38 (Lundberg Stratton, J., dissenting) ("R.C. 2151.23(A)(2) authorizes a juvenile court to determine custody issues of any child who is not a ward of another court of the state, which often involve proceedings between a parent and a nonparent").

**{¶21}** The Supreme Court of Ohio has explained that the grant of authority in R.C. 2151.23(A)(2) to determine the custody of a child not a ward of another Ohio court *does not* provide the juvenile court with jurisdiction to determine a nonparent's claim for visitation. *In re Gibson*, 61 Ohio St.3d 168, 573 N.E.2d 1074 (1991), syllabus. This is because "visitation" and "custody" are related but distinct legal concepts. *Id.* at 171.

**{¶22}** "Custody" is granted to the party who has "the right to ultimate legal and physical control of a child." *Id.* "Visitation" is granted to a "noncustodial party and encompasses that party's right to visit the child." *Id.* "Although a party exercising visitation rights might gain temporary physical control over the child for that purpose, such control does not constitute 'custody' because the legal authority to make fundamental decisions about the child's welfare remains with the custodial party and because the child eventually must be returned to the more permanent setting provided by that party." *Id.* A grandparent's complaint seeking visitation with a grandchild cannot be determined by the juvenile court pursuant to its authority to determine the "custody" of children under R.C. 2151.23(A)(2). *Id.* at syllabus.

7

**{¶23}** Thus, pursuant to R.C. 2151.23, which governs the jurisdiction of the juvenile court, there is no authority within the statute for a juvenile court to consider a complaint where the sole issue is a grandparent seeking visitation with a grandchild. *See Waters v. Waters*, 4th Dist. Gallia No. 95CA20, 1996 WL 442345, *1 (July 31, 1996) (Juvenile court was without jurisdiction to determine grandparent visitation where sole issue was grandparent seeking visitation); *In re Burrows*, 3d Dist. Seneca Nos. 13-04-03 and 13-04-04, 2004-Ohio-2619, ¶ 2 (Juvenile court was correct in finding that it did not have subject matter jurisdiction over R.C. 3109.11 grandparent motions for visitation); *In re McCrady*, 4th Dist. Washington Nos. 99CA52 and 00CA16, 2000 WL 1717557, *2-3 (Nov. 6, 2000) (Juvenile court correctly ruled that it did not have jurisdiction to award visitation to paternal grandparents where maternal grandparents had custody of the child after the child's father went to prison for murdering the child's mother).

**{¶24}** Thus, it is clear Mr. Jones cannot establish that the Geauga County Court of Common Pleas "patently and unambiguously" lacks subject matter jurisdiction over Mrs. O'Neill's complaint for grandparent visitation.

### Appointment of the GAL

**{¶25}** Mr. Jones also contends the trial court lacked jurisdiction to appoint a GAL in the underlying case because it "failed to set forth any statutory grounds for the appointment of a guardian ad litem in a grandparent companionship case." He further asserts that a GAL may only be appointed upon the allocation of parental rights and responsibilities pursuant to R.C. 3109.04.

**{¶26}** Most fundamentally, Mr. Jones' contention is not a question of the trial court's subject matter jurisdiction. Rather, he is challenging the trial court's *exercise* of

8

subject matter jurisdiction, which *may* give rise to a claim of trial court error of which he has an adequate remedy by way of an appeal.

{¶27} Prohibition "tests and determines 'solely and only' the subject matter jurisdiction" of the trial court. *Tubbs Jones*, *supra*, at 73, quoting *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409, 534 N.E.2d 46 (1988). As the Supreme Court of Ohio has recognized, "there are many cases in which a court lacks the legal authority to grant the relief sought but nevertheless has subject-matter jurisdiction to hear the case." *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436, ¶ 14, citing *State ex rel. Enyart v. O'Neill*, 71 Ohio St.3d 655, 656, 646 N.E.2d 1110 (1995) ("the fact that [a judge] may have exercised that jurisdiction erroneously does not give rise to extraordinary relief by prohibition"). Thus, there is "a distinction between a court that lacks subject-matter jurisdiction over a case and a court that improperly exercises that subject-matter jurisdiction once conferred upon it." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 10 (2004).

{¶28} "[A]ppeal, not mandamus or prohibition, is the remedy for the correction of errors." *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 109, 637 N.E.2d 319 (1994). Therefore, "'[e]xtraordinary remedies, i.e., mandamus [and] prohibition[,] * * * may not be employed before trial on the merits, as a substitute for an appeal for the purpose of reviewing mere errors, or irregularities in the proceedings of a court having proper jurisdiction * * *.'" *Id.*, quoting *State ex rel. Woodbury v. Spitler*, 34 Ohio St.2d 134, 137, 296 N.E.2d 526 (1973). An appeal from the judgment concluding a case is an adequate legal remedy barring issuance of a writ of prohibition. *State ex rel. Welt v. Doherty*, 11th Dist. Portage No. 2020-P-0018, 2020-Ohio-6684, ¶ 21.

9

{¶29} We make no determination as to the ultimate merits of Mr. Jones' arguments concerning the appointment of the GAL because the proper time to make such an argument is on direct appeal, with full consideration of a record not currently before us.

{¶30} Because Mr. Jones has an adequate remedy at law, he can prove no set of facts warranting relief in prohibition. *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 20.

{¶31} For the foregoing reasons, Judge Paschke's motion for summary judgment is granted, Mr. Jones' motion for summary judgment is overruled, and Mr. Jones' petition is denied.


JOHN J. EKLUND, P.J., MARY JANE TRAPP, J., MATT LYNCH, J., concur.

Case No. 2022-G-0037