IN RE ESTATE OF BEASLEY.

(No. 1035—Decided October 10, 1980.)

*Messrs. Bridgewater, Robe, Brooks & Keifer* and *Mr. Erle Bridgewater,* for J. B. Yanity, Jr., executor.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for Edgar L. Lindley, Tax Commissioner.

GREY, J.   This is an appeal from the Probate Division of the Court of Common Pleas of Athens County. This case is essentially a question of the application of R. C. 5731.16. To comprehend the issue presented, however, it is necessary that the underlying facts be discussed first.

Fred Beasley was a businessman of some substance. Beasley signed as a guarantor on a promissory note of Gilberts, Inc., a corporation in which he had no interest; and, as a result, Beasley incurred liabilities of several hundred thousand dollars. The corporation ended up in Bankruptcy Court, and it appeared that Mr. Beasley might do likewise. However, an agreement was reached between the creditors of Mr. Beasley and certain members of his family. The agreement essentially provided that Beasley would sell his stock in Beasley Industries for $166,000 to one of his daughters, Mrs. Hively. Mrs. Hively and two others, Mrs. Holzer and Mrs. Bridgewater, each contributed an additional $22,166.67 to the settlement, a total of $66,500. The creditors of Mr. Beasley accepted these cash payments and assigned their claims against Mr. Beasley, in equal parts, to Mrs. Hively, Mrs. Holzer and, eventually, to Mrs. Bridgewater, totaling, approximately, $631,000.

Some years later Mr. Beasley died. Mrs. Hively, Mrs. Holzer and Mrs. Bridgewater presented, as claims against the estate, the claims assigned to them in the previously mentioned transaction. The Probate Court, pursuant to R. C. 2117.17, allowed the claims as valid claims against the estate. The executor, J. B. Yanity, Jr., the appellee herein, filed, with the Tax Commissioner, Edgar L. Lindley, the appellant, an

estate tax return, deducting the claims by the above three ladies from the taxable estate. The Tax Commissioner allowed the claims only to the extent of three times $22,166.67. Exceptions to the Tax Commissioner's findings were filed by appellee and the matter was presented to the Probate Court of Athens County.

The Probate Court found that the determination concerning the court's allowance of the claims against the estate under R. C. 2117.17 was a final order and binding upon the Tax Commissioner. The court, thus, allowed the exceptions. From that decision this appeal was taken. The Tax Commissioner designates three assignments of error.

Assignment of Error No. I:

"The Probate Court erroneously determined that the Tax Commissioner of Ohio, when making a final determination of estate tax liability, is bound by an order issued pursuant to R. C. 2117.17 allowing certain claims which have been filed against a decedent's estate when the Tax Commissioner is neither a party to the proceedings in which the claims were allowed nor had notice of the hearing."

The Tax Commissioner argues that where claims are made against a decedent's estate and allowed, but the Tax Commissioner is not a party to the proceedings, the decision is not binding upon the Tax Commissioner in his determination as to the extent of the taxable estate. Appellee, on the other hand, argues that if the Tax Commissioner is not bound, he is, in effect, being given the authority to overrule the Probate Court. The duty of the Probate Court under R. C. 2117.17 is to determine which claims against an estate are valid and may be allowed, and which ones are not. Under R. C. Chapter 5731, the Tax Commissioner, after his examination of the final tax return, determines the validity of the return. The Tax Commissioner has no authority to overrule a decision by the Probate Division of the Court of Common Pleas; and, where a claim has been made against an estate and held by the Probate Court to be valid, the Tax Commissioner may not contest the validity of that claim. Under R. C. Chapter 5731, however, the Tax Commissioner may determine the tax implications of the allowed claim and this is precisely the issue we have in this case.

Under R. C. 5731.27, the Tax Commissioner makes the determination of tax liability. If a party is aggrieved by this determination, he may appeal to the Probate Court under R. C. 5731.30. The Probate Court, under R. C. 5731.31 " * * * has jurisdiction to determine all questions concerning the administration of the taxes levied by Chapter 5731 of the Revised Code, and all questions concerning the proper determination of the amount of such taxes or penalties upon exceptions filed as provided in section 5731.30 of the Revised Code. * * * " This was the process followed in this case. The Tax Commissioner made a finding that substantially disallowed the three claims. Exceptions were taken to that finding, and the court allowed the claims on the grounds that the Tax Commissioner was bound by the decision of the court under R. C. 2117.17. We find that the court was correct in its determination that the Tax Commissioner is bound in terms of deciding the validity of the claim, but that the court was in error in holding that the Tax Commissioner could not reach a different conclusion on the tax implications of those claims.

The Tax Commissioner was not given notice of the hearing on the claims, and such notice is not required. Where, as in this case, the Tax Commissioner reaches a different conclusion on the issue of tax liability and exceptions are filed, that issue is then to be presented to the Probate Court, under R. C. Chapter 5731, for a hearing to which all parties would have notice. At the hearing, the prior decision on the claims made under R. C. 2117.17 may not be challenged, and the Tax Commissioner is bound by it. He may, however, assert that, under R. C. Chapter 5731, the tax liability is different. The Tax Commissioner attempted to do so in this case; and, to that extent, the Probate Court erred in holding that since the Tax Commissioner was bound by the ruling under R. C. 2117.17, he could not contest the tax implications under R. C. Chapter 5731. We do not find it to be prejudicial error, however, because at the hearing on the exceptions, the Tax Commissioner was given the opportunity to fully present his case. Assignment of Error No. I is, therefore, overruled, but this leads to the substance of the case as presented in Assignment of Error No. II.

Assignment of Error No. II:

"The Probate Court failed to determine that the Tax Commissioner of Ohio correctly applied R. C. 5731.16(A)(3) and

R. C. 5731.16(C) when he issued his final determination of estate tax liability."

The Probate Court allowed the face value of the creditors' claims assigned to Mrs. Hively, Mrs. Holzer and Mrs. Bridgewater, a total of approximately $631,000. The entire amount was deducted from the gross estate. However, the Tax Commissioner reached a different conclusion, and allowed only $66,500 as a deduction. The Tax Commissioner's conclusion was based on his construction of R. C. 5731.16(A)(3), which provides as follows:

"(A) For purposes of the tax levied by section 5731.02 of the Revised Code, the value of the taxable estate shall be determined by deducting from the value of the gross estate amounts for:

" * * *

"(3) Claims against the estate that are outstanding and unpaid as of the date of decedent's death[.]"

Further, R. C. 5731.16(C) provides, in part, that:

"The deduction allowed by this section in the case of claims, against the estate, unpaid mortgages, or any indebtedness, when founded on a promise or agreement, is limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth, * * * ."

The Tax Commissioner's interpretation of these sections is concisely stated in his brief:

" * * * Rather, it (O.R.C. 5731.16[C] ) specifically directed the Tax Commissioner to inquire into the amount of consideration that was given when the claim is 'founded on a promise or agreement.' In this case, the daughters contracted for the indebtedness with the consideration given being only $66,500. This, then, is the deduction allowed by statute and the Tax Commissioner acted properly when he reduced the deduction for the claims to the consideration paid plus interest."

We cannot agree with the Tax Commissioner's interpretation. The linchpin is on understanding the words "promise or agreement." One asks: whose promise or what agreement? All claims against a decedent's estate, except those imposed by law, such as an adverse judgment in a trial, are founded on a promise or agreement. A note is a promise to pay. R. C. 1303.03. A contract is an agreement. R. C. 1301.01(K). Are all

claims against an estate, then, subject to a revaluation by the Tax Commissioner? We think not. Where a decedent dies owing a debt which has been assigned at a discount, the debt must be allowed at face value for tax purposes.

What then is the purpose of R. C. 5731.16(C)? Very simply, to prevent a person from creating a claim against his estate for less than full consideration in order to reduce the tax liability of his estate. Where the Tax Commissioner finds that the decedent made a promise or agreement with a prospective heir to create a claim against his estate, which promise or agreement was not bona fide and supported by full consideration, the Tax Commissioner may reduce the deduction to the *actual* consideration.

This is not the situation we have here. The agreement made here by decedent was with third parties—the creditors of Gilberts, Inc. There was no agreement with the decedent and his heirs. The agreement between the three daughters and Beasley's creditors was a simple assignment. The trial court was correct in allowing the exceptions to the findings of the Tax Commissioner. Assignment of Error No. II is overruled.

Assignment of Error No. III:

"The Probate Court erred in refusing to allow the Tax Commissioner to establish that the Executor of the decedent's estate did not appeal the identical adjustments made to the claims in issue by the Commissioner of Internal Revenue in determining the decedent's federal estate tax liability."

On the federal estate tax return the Commissioner of Internal Revenue disallowed the deduction, just as the Tax Commissioner did here. However, the executor, appellee herein, did not contest that decision. The Tax Commissioner argues that the executor's refusal to contest the decision of the Internal Revenue Service is an admission against interest by the executor. In support thereof he notes that Sections 2053(a)(3) and (c), Title 26, U. S. Code, are identical to R. C. 5731.16 (A)(3) and (C). We reject this argument for two reasons.

In *In re Estate of Kaufman* (1978), 53 Ohio St. 2d 231, the Supreme Court upheld a different valuation between the Ohio estate tax and the federal estate tax. While not directly on point, the case does recognize that differing results obtain in the separate jurisdictions.

The second reason for overruling the third assignment of

error is far more practical. A "simple" tax return exasperates the average citizen, and the thought of a contested tax case is disconcerting at best. It would be fair to say that many people feel that, in spite of the rightness of their cause, they simply cannot prevail in a tax case. It is unfortunate, but many people feel the expenditure of time and money to contest a decision of the Internal Revenue Service is simply not worth it. It is, in short, easier to pay than fight.

The Tax Commissioner would have us, in addition, impose upon the taxpayer the further burden of holding his refusal to contest the federal tax authorities as an admission against interest. This would, we feel, create a pernicious whipsaw effect where the executor must either take on all taxing authorities or, obsequiously, pay on demand. An admission must be voluntary. The maxim *qui tacet, consentire videtur* (he who is silent is supposed to consent), *Rose* v. *State* (1897), 7 C.D. 226, 229, affirmed (1897), 56 Ohio St. 779, is to be applied carefully in tax cases. See *Jones & Laughlin Steel* v. *Bd. of Revision* (1974), 40 Ohio St. 2d 61. The evidence proffered in this case was not that the federal estate tax return admitted the lesser evaluation; rather, the evidence proffered showed that the higher value was not allowed and then not contested. As such it was collateral to the issue and the trial court did not err in excluding it. Assignment of Error No. III is overruled.

*Judgment affirmed.*

ABELE, J., concurs.

STEPHENSON, P. J., concurring in the judgment. I concur in the judgment and in the opinion except in that portion disposing of the third assignment of error.