THE STATE EX REL. ABRAITIS, EXR., APPELLANT,
*v.* GALLAGHER, JUDGE, APPELLEE.

[Cite as *State ex rel. Abraitis v. Gallagher,*
**143 Ohio St.3d 439, 2015-Ohio-2312.**]

(No. 2014–1223—Submitted February 24, 2015—Decided June 16, 2015.)

---

**Per Curiam.**

{¶ 1} Relator-appellant, Sarunas Abraitis, appeals from the judgment of the Eighth District Court of Appeals dismissing his complaint for a writ of prohibi-

tion. He filed the complaint individually and in his capacity as executor of the estate of his mother, Vlada Abraitis, against respondent-appellee, Judge Laura J. Gallagher of the Probate Division of the Cuyahoga County Court of Common Pleas. Abraitis sought a writ to prohibit Judge Gallagher from proceeding in a combined will-contest and declaratory-judgment action filed by the personal representative of the estate of his brother, Vytautas, his only sibling. Abraitis alleges that the personal representative lacks standing to sue.

{¶ 2} Judge Gallagher does not patently and unambiguously lack jurisdiction to hear the action, and Abraitis has adequate remedies at law. We therefore affirm.

## Facts

{¶ 3} Abraitis's father died in 1992. His mother died in 2008.

{¶ 4} On October 5, 2011, Abraitis applied to admit his mother's will, executed on June 30, 1978, to probate in Cuyahoga County. The matter was assigned to Judge Gallagher. The will named Abraitis as executor of the estate. The will provided that if Abraitis's father predeceased his mother, her entire estate would be divided equally between Abraitis and his brother, Vytautas.

{¶ 5} Vytautus died in November 2013 while the estate was being administered. His will named his former wife, Vivian, as the personal representative and sole beneficiary of his estate. On December 11, 2013, a probate court in Florida named Vivian the personal representative of Vytautas's estate. The next day, Abraitis filed an application to probate a different will that his mother executed in 1993 and for which he again was named executor. This later will bequeathed to him the entire estate. His brother Vytautas would take under the will only if he outlived Abraitis.

{¶ 6} In January 2014, Vytautus's former wife, Vivian, filed the underlying complaint to contest the 1993 will leaving Vlada Abraitis's estate to one son to the exclusion of the other. In the same complaint, she also sought a declaratory judgment that a certain survivorship deed was invalid and that the property transferred by the deed belongs in the mother's estate. This action was also assigned to Judge Gallagher.

{¶ 7} On February 24, 2014, Abraitis filed the complaint in this case in the Eighth District Court of Appeals, seeking a writ of prohibition and asserting that Vivian lacked standing to bring the action. On July 2, 2014, the court of appeals dismissed the complaint. Abraitis appealed.

{¶ 8} Abraitis has filed a motion in this court to correct the caption of this case to reflect that he is a relator in two capacities: as executor of his mother's estate and individually. He further seeks to supplement the record with entries whose captions were corrected by the court of appeals. We deny the motion. The fact

that Abraitis is suing in his individual capacity and as executor is explained in this opinion. No change to the caption or supplementation of the record is warranted.

*Analysis*

{¶ 9} To be entitled to the requested writ of prohibition, Abraitis must establish that (1) Judge Gallagher is about to exercise or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18; *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12. Abraitis need not demonstrate the lack of an adequate remedy if the court's lack of jurisdiction is "patent and unambiguous." *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11.

{¶ 10} Judge Gallagher undoubtedly took or will take judicial action in hearing the will-contest and declaratory-judgment case. However, Abraitis has not satisfied the second and third requirements for a writ of prohibition. Judge Gallagher's exercise of jurisdiction is authorized, and Abraitis has an adequate remedy by way of appeal.

{¶ 11} Abraitis does not assert that he lacks an adequate remedy at law. He does not dispute that a probate court has basic statutory jurisdiction over will contests and declaratory-judgment actions related to estates. His claim is that Vivian lacks standing to sue, that Judge Gallagher therefore patently and unambiguously lacks jurisdiction to proceed, and that the availability of an adequate remedy is therefore immaterial. But Abraitis's claim that Judge Gallagher patently and unambiguously lacks jurisdiction is without merit.

{¶ 12} Abraitis relies heavily on *Chilcote v. Hoffman*, 97 Ohio St. 98, 119 N.E. 364 (1918), in which the court held:

> Where a person who, in the absence of a valid will, would have a property interest in the estate of the deceased *dies intestate* before the time limited for the bringing of an action to contest the validity of an instrument admitted to probate as the last will and testament of the deceased, and without having brought, or by his conduct estopped himself from bringing, such action, the right to bring the same passes with his pecuniary or property interest in such estate, as incident thereto, to his personal representative or heirs at law, under the statutes of descent and distribution.

(Emphasis added.) *Id.* at paragraph two of the syllabus. Abraitis appears to be arguing that because his brother Vytautas died without a wife or children, he has no "heir at law" to whom his interests under their mother's will could pass, and therefore his right to contest it did not pass. Thus, there is no one with standing to contest the will in his name. The problem with this argument is that Vytautas, unlike the heir in *Chilcote,* did not die intestate. He had a will, and his estate has a personal representative. Under *Chilcote,* his right to bring a will contest would pass to his personal representative, Vivian. Thus, Abraitis has failed to show that Vivian's standing is so ungrounded as to render the probate court "patently and unambiguously" lacking in jurisdiction. If the probate court decides that Vivian has standing, Abraitis may appeal.

{¶ 13} A related question is whether Vivian has standing to bring an action for declaratory judgment relating to the mother's estate. R.C. 2721.05 provides:

Any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, an incompetent person, or an insolvent person, may have a declaration of rights or legal relations in respect thereto in any of the following cases:

(A) To ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others;

(B) To direct the executors, administrators, trustees, or other fiduciaries to do or abstain from doing any particular act in their fiduciary capacity;

(C) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

Vivian seeks a declaration that a survivorship deed improperly transferred property to Abraitis from his mother and that the transferred property rightly belongs in her estate. This matter is at least arguably a "question arising in the administration of" the estate, and Vivian at least arguably is a "person interested" by virtue of her potential interest in it if the 1978 will is upheld. Whether Vivian actually has standing is a matter for the probate court to decide. Any error in that regard may be appealed. The availability of an alternate, adequate remedy defeats Abraitis's quest for a writ regarding the underlying declaratory-judgment claim.

{¶ 14} Abraitis further argues that Vivian is not a "person interested" for purposes of his mother's estate and therefore she cannot bring a will-contest action in probate court.

{¶ 15} R.C. 2107.71(A) states:

> A person interested in a will or codicil admitted to probate in the probate court that has not been declared valid by judgment of a probate court pursuant to section 2107.084 of the Revised Code or that has been declared valid by judgment of a probate court pursuant to section 2107.084 of the Revised Code but has been removed from the possession of the probate judge, may contest its validity by filing a complaint in the probate court in the county in which the will or codicil was admitted to probate.

{¶ 16} A "person interested" for purposes of a will contest is "[a]ny person who has such a direct, immediate, and legally ascertained pecuniary interest in the devolution of the testator's estate as would be impaired or defeated by the probate of the will, or be benefited by setting aside the will." *Bloor v. Platt,* 78 Ohio St. 46, 49–50, 84 N.E. 604 (1908). Vivian has a pecuniary interest that would be defeated by the probate of the 1993 will she is contesting, because if it is held to be valid, she would lose any claim to her former mother-in-law's estate that might pass to her under the 1978 will. She would benefit from an invalidation of the 1993 will, because as her former husband's sole beneficiary, she might inherit under the 1978 will through him. And if Judge Gallagher finds in Vivian's favor, Abraitis can appeal.

{¶ 17} In addition, Vivian is the personal representative and therefore the fiduciary for her former husband's estate. Under Ohio law she has a duty to collect all of the assets of the estate. R.C. 2113.25; *In re Estate of Kemp,* 189 Ohio App.3d 232, 2010-Ohio-4073, 937 N.E.2d 1102, ¶ 5 (3d Dist.).

{¶ 18} Under the earlier will of 1978, both brothers (and now Vytautus's estate) inherit the estate equally. Under the 1993 will, only Abraitis inherits. Therefore, if the 1993 will is found to be invalid, Vytautas's estate will inherit half of the estate, and Vivian, as sole beneficiary of her former husband, will benefit.

{¶ 19} Abraitis's arguments depend on the assumption that the later 1993 will is valid and that therefore Vivian lacks any interest in his mother's estate. However, we cannot assume anything about the 1993 will. The will contest puts the validity of the 1993 will at issue, and only the probate court can decide if it is valid. Because of her potential interest in the estate if the 1978 will is declared to be Vlada Abraitis's only valid will, Vivian has standing to bring the will-contest

and declaratory-judgment action in probate court, and Judge Gallagher has jurisdiction to decide the action.

{¶ 20} Moreover, if the 1993 will is declared invalid, Abraitis may appeal, and therefore he has an adequate remedy at law.

{¶ 21} We therefore affirm.

### Conclusion

{¶ 22} Vivian has a potential interest in Vlada Abraitis's estate and is therefore a "person interested" who may bring claims under both R.C. 2107.71(A) (will contest) and 2721.05 (declaratory judgment). Judge Gallagher therefore has jurisdiction to proceed in the underlying action. Moreover, Sarunas Abraitis has a right to appeal in the event of an unfavorable outcome. The court below correctly dismissed Abraitis's complaint for a writ of prohibition.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Catherine M. Brady, for appellant.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellee.