[Cite as *State ex rel. Northcoast Anesthesia Providers, Inc. v. Calabrese*, 2015-Ohio-4910.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103164**

# STATE OF OHIO, EX REL.
# NORTHCOAST ANESTHESIA PROVIDERS, INC. ET AL.

RELATORS

vs.

# THE HONORABLE DEENA R. CALABRESE

RESPONDENT

**JUDGMENT:**
WRITS DENIED

Writs of Prohibition and Mandamus
Motion No. 487794
Order No. 490643

**RELEASE DATE:** November 20, 2015

**ATTORNEY FOR RELATORS**

Douglas G. Leak
Hanna, Campbell & Powell, L.L.P.
3737 Embassy Parkway - Suite 100
Akron, Ohio   44333


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Charles E. Hannan
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

TIM McCORMACK, J.:

{¶1}  Relators, Northcoast Anesthesia Providers, Inc., Zoard Vasarhelyi, M.D., and Rostylav Koziy, M.D., commenced this original action seeking writs of prohibition and mandamus directing respondent Judge Deena Calabrese to discontinue any further actions in the prejudgment interest proceedings and to compel her to issue a final judgment on the jury verdict and all other claims in *Daniels v. Northcoast Anesthesia Providers, Inc.*, Cuyahoga C.P. No. CV-11-764060 (the "Daniels case").  Relators' request for an alternative writ was denied. Respondent moved for summary judgment, which relators have opposed.   For the reasons that follow, we grant respondent's motion for summary judgment and deny the writs.

{¶2}  The Daniels case proceeded to a jury trial on November 4, 2013, on plaintiffs' medical malpractice claims.   The jury rendered a verdict in plaintiffs' favor that was in excess of $3 million.   Plaintiffs then moved for prejudgment interest.   On May 8, 2015, relators' counsel sent correspondence and enclosed a check in the amount of $22,781 to plaintiffs' counsel purporting to be "the maximum prejudgment award [plaintiffs] could recover in [the Daniels case]."   The same day, relators' counsel filed a notice of unconditional tender of prejudgment interest award and request for final judgment journal entry. Relators also filed motions to quash subpoenas and sought a protective order arguing, among other things, that the prejudgment interest proceedings were moot based on the check that had been presented to plaintiffs' counsel. In opposing that motion, plaintiffs stated "contrary to the representations in Defendants' brief, they

have not tendered the full amount of prejudgment interest possible." The Daniels plaintiffs, through counsel, also filed a notice of rejection of defendants' offer to settle prejudgment interest claim on June 23, 2015. Two days later, the Daniels plaintiffs filed their opposition to defendants' (relators) motion to stay the prejudgment interest proceedings in the Daniels case.

{¶3} In June 2015, respondent issued the following order in the Daniels case:

> Over the last month and a half, the parties have filed several motions in which they battle over the propriety of further discovery, and ultimately a hearing, on the issue of prejudgment interest. On 06/04/2015, the court held an attorney conference to further explore the parties' arguments. Having carefully considered the arguments at the June 4 conference, as well as the parties' briefs and cases cited therein, the court finds plaintiffs' arguments well taken, and therefore rules as follows: Defendants' motion for stay of prejudgment interest proceedings is denied. Defendants' motion to quash subpoenas and for protective order is denied. Plaintiffs' motion to compel depositions and for sanctions is granted in part and denied in part. Plaintiffs' motion to compel is granted. Depositions are to be conducted forthwith. Plaintiffs' request for sanctions, however, is denied. Defendants' motion to continue prejudgment interest hearing is moot. The court will reschedule the hearing via separate entry.

{¶4} This court takes judicial notice that in August 2015, respondent stayed all proceedings in the Daniels case pending the Ohio Supreme Court's resolution of relators' appeal in *Daniels v. Northcoast Anesthesia Providers, Inc.,* Ohio Supreme Court No. 2015-1412, which pertains to a discovery order issued in the prejudgment interest proceedings.

{¶5} Based on the record and the law, respondent is entitled to judgment because relators have not established the existence of any genuine issue of material fact regarding any of the elements necessary for issuing either writ.

**{¶6}** "A writ of prohibition is an extraordinary remedy that is granted in limited circumstances with great caution and restraint." *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 2001-Ohio-15, 740 N.E.2d 265.

**{¶7}** To obtain a writ of prohibition, relators are required to establish: (1) that Judge Calabrese is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Abraitis v. Gallagher*, 143 Ohio St.3d 439, 2015-Ohio-2312, 39 N.E.3d 491, ¶ 9.

**{¶8}** Relators need not demonstrate the lack of an adequate remedy if the court's lack of jurisdiction is "patent and unambiguous." *Id.*

**{¶9}** The requisites for mandamus are equally well established: 1) the relator must establish a clear legal right to the requested relief; 2) the respondent must possess a clear legal duty to perform the requested relief; and 3) the relator does not possess nor possessed an adequate remedy at law. *State ex rel. Tran. v. McGrath*, 78 Ohio St.3d 45, 676 N.E.2d 108 (1997).

**{¶10}** Mandamus is precluded if relator has or had an adequate remedy of law even if relator fails to use it. *State ex rel. Nash v. Fuerst*, 8th Dist. Cuyahoga No. 99027, 2013-Ohio-592, ¶ 6, citing *State ex rel. Tran*, and *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.*, 56 Ohio St.3d 33, 564 N.E.2d 86 (1990). "It must be emphasized that a writ of mandamus is an extraordinary remedy which is carefully and cautiously granted only when there exists no plain and adequate remedy in

the ordinary course of the law." *State ex rel. Fostoria Daily Review Co. v. Fostoria Hosp. Assn.*, 32 Ohio St.3d 327, 512 N.E.2d 1176 (1987).

{¶11} "Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy by way of appeal." *State ex rel. Steffen v. Myers*, 143 Ohio St.3d 430, 2015-Ohio-2005, 39 N.E.3d 483, ¶ 17.

{¶12} Relators do not claim the absence of an adequate remedy at law. Relators argue that respondent is patently and unambiguously without jurisdiction to proceed. It is relators' belief that once they unilaterally calculated the alleged total amount of prejudgment interest that could be due to the Daniels plaintiffs and sent payment to plaintiffs' counsel in that amount, respondent was patently and unambiguously stripped of jurisdiction to preside over the prejudgment interest proceedings. Relators have provided no law that would support this conclusion.

{¶13} Respondent has jurisdiction over prejudgment interest proceedings pursuant to R.C. 1343.03(C). It is clear from the evidence in this action that the Daniels plaintiffs are not in agreement with relators regarding the total amount of prejudgment interest that may be awarded to them. There is no evidence of any settlement regarding the prejudgment interest, and the court has not entered an order to establish the amount of prejudgment interest. Accordingly, respondent has jurisdiction to resolve the prejudgment interest dispute between these parties. Relators have an adequate remedy at

law to challenge the court's exercise of its jurisdiction by way of a direct appeal once a final judgment is rendered in the case.

{¶14} Relators' sole opposition to respondent's motion for summary judgment is their belief that a genuine issue of material fact exists that should preclude respondent's summary judgment motion. Relators refer to the dispute over whether their unilateral calculation of prejudgment interest should be considered a full satisfaction and resolution of the prejudgment interest proceedings in the Daniels case. However, in an original action, the summary judgment standard pertains to determining whether any genuine issues of material fact exist regarding the factors necessary for issuance of the requested writ. In this case, respondent has established that there are no genuine issues of material fact that would preclude her motion for summary judgment on relators' complaint for writs of mandamus and prohibition concerning her continued exercise of jurisdiction over the prejudgment interest proceedings. The determination of whether relators' tender of payment constitutes the entire amount of prejudgment interest due or whether that would render the prejudgment interest proceedings moot are matters to be resolved by respondent, not this court by way of an extraordinary writ. *Accord State ex rel. Goddard v. Niehaus*, 1st Dist. Hamilton No. C-970305, 1998 Ohio App. LEXIS 817 (Mar. 6, 1998) ("Extraordinary writs are not appropriate to challenge the acts of a trial court having jurisdiction of the subject matter and the parties.").

**{¶15}** For all of the foregoing reasons, respondent's motion for summary judgment is granted.  Relators to pay costs.  The clerk of courts is directed to serve notice of this judgment upon all parties as provided in Civ.R. 58(B).

**{¶16}** Writs denied.


TIM McCORMACK, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
SEAN C. GALLAGHER, J., CONCUR