[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Abraitis v. Gallagher,* Slip Opinion No. 2016-Ohio-1598.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1598

THE STATE EX REL. ABRAITIS, EXR., APPELLANT, *v.* GALLAGHER, JUDGE, ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Abraitis v. Gallagher,* Slip Opinion No. 2016-Ohio-1598.]

*Prohibition—Probate court—Probate court judge did not patently and unambiguously lack jurisdiction to hear motion to correct inventory and concealment-of-assets claim—Court of appeals' dismissal of complaints affirmed.*

(No. 2015-0907—Submitted January 5, 2016—Decided April 21, 2016.)

APPEAL from the Court of Appeals for Cuyahoga County, Nos. 101855 and 102246, 2015-Ohio-1646.

_____

**Per Curiam.**

{¶ 1} In this prohibition action, relator-appellant Sarunas V. Abraitis ("Abraitis"), former executor of his mother, Vlada Abraitis's estate,[1] challenges the jurisdiction of respondent-appellee Judge Laura J. Gallagher, of the Probate Division of the Cuyahoga County Court of Common Pleas, to adjudicate a motion to correct inventory and a concealment-of-assets claim. Abraitis argues that determinations made by state and federal taxing authorities preclude the probate court from administering the estate. The Eighth District Court of Appeals granted Judge Gallagher's motion to dismiss the multiple complaints that Abraitis filed in that court raising this argument.

{¶ 2} Because Judge Gallagher does not patently and unambiguously lack jurisdiction to hear the motion and the claim and because Abraitis has an adequate remedy at law, we affirm.

*Facts and Procedural History*

{¶ 3} The factual background of this case was stated in this court's opinion in *State ex rel. Abraitis v. Gallagher*, 143 Ohio St.3d 439, 2015-Ohio-2312, 39 N.E.3d 491, ¶ 3-6:

> Abraitis's father died in 1992. His mother died in 2008.
>
> On October 5, 2011, Abraitis applied to admit his mother's will, executed on June 30, 1978, to probate in Cuyahoga County. The matter was assigned to Judge Gallagher. The will named Abraitis as executor of the estate. The will provided that if Abraitis's father predeceased his mother, her entire estate would be divided equally between Abraitis and his brother, Vytautas.

---

[1] Abraitis has been removed as executor of his mother's estate. The Eighth District affirmed the probate court's removal in *In re Estate of Abraitis*, 8th Dist. Cuyahoga No. 102403, 2015-Ohio-4077, and this court declined jurisdiction, 145 Ohio St.3d 1408, 2016-Ohio-899, 46 N.E.3d 702.

Vytaut[a]s died in November 2013 while the estate was being administered. His will named his former wife, Vivian, as the personal representative and sole beneficiary of his estate. On December 11, 2013, a probate court in Florida named Vivian the personal representative of Vytautas's estate. The next day, Abraitis filed an application to probate a different will that his mother executed in 1993 and for which he again was named executor. This later will bequeathed to him the entire estate. His brother Vytautas would take under the will only if he outlived Abraitis.

In January 2014, Vytaut[a]s's former wife, Vivian, filed a complaint to contest the 1993 will leaving Vlada Abraitis's estate to one son to the exclusion of the other. In the same complaint, she also sought a declaratory judgment that a certain survivorship deed was invalid and that the property transferred by the deed belongs in the mother's estate. This action was also assigned to Judge Gallagher.

{¶ 4} In February 2014, Abraitis filed an action in prohibition in the Eighth District Court of Appeals, seeking a writ of prohibition and asserting that Vivian lacked standing to bring the action contesting the 1993 will. In July 2014, the court of appeals dismissed Abraitis's prohibition complaint. Abraitis appealed, and we affirmed. *Abraitis*, 134 Ohio St.3d 439, 2015-Ohio-2312, 39 N.E.3d 491.

{¶ 5} Abraitis filed second and third actions in prohibition in the Eighth District, again alleging that Judge Gallagher lacked jurisdiction, which the court of appeals consolidated and dismissed. 2015-Ohio-1646, ¶ 2 and 24. Abraitis's appeal of those dismissals is the matter now before us.

{¶ 6} In these two cases, Abraitis refers to collateral proceedings regarding his mother's guardianship as well as federal and state tax proceedings. Some of the

tax proceedings involve a jeopardy levy on assets held in Abraitis's name that resulted from his failure to pay income taxes for several years. He challenged the jeopardy levy in federal court, but ultimately his case against the Internal Revenue Service was dismissed. *Abraitis v. United States*, N.D.Ohio No 1:11–cv–2077, 2012 WL 3633073 (June 12, 2012), *aff'd*, *Abraitis v. United States*, 709 F.3d 641 (6th Cir.2013). Abraitis gave notice of the IRS proceedings in the probate court and moved to correct the inventory by deleting the seized assets. No interested person intervened in the federal court actions regarding the seized assets.

{¶ 7} A certificate of determination of final estate-tax liability was issued by the Ohio Tax Commissioner. The probate court issued a journal entry on July 18, 2014, attaching the certificate but redacting the part of the certificate stating that "the estate can be considered finalized." Abraitis asserted that Vivian failed to file exceptions to the certificate.

{¶ 8} Vivian moved to file a complaint for concealment of assets in the underlying probate case and seeks discovery of additional financial documents. Abraitis asserted that Vivian's failure to file exceptions to the tax certificate divested Judge Gallagher of jurisdiction to hear her complaint for concealment of assets and to continue to issue rulings in the case.

{¶ 9} The court of appeals held that probate courts have jurisdiction to consider concealment claims and that the preclusive effect of determinations of ownership of various assets by tax authorities is properly determined by the probate court and can be challenged by appeal. 2015-Ohio-1646, at ¶ 18-20.

*Analysis*

{¶ 10} To be entitled to the requested writ of prohibition, Abraitis must establish that (1) Judge Gallagher is about to exercise or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-

Ohio-54, 961 N.E.2d 181, ¶ 18 and 23; *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12. Even if he has an adequate remedy, a writ may issue if the lack of jurisdiction is "patent and unambiguous." *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11.

{¶ 11} Judge Gallagher undoubtedly took or will take judicial action in hearing the complaint for concealment of assets and the motion to correct inventory and will continue to take judicial action in dealing with the estate. However, Abraitis has an adequate remedy by way of appealing whatever orders or entries he disagrees with.

{¶ 12} Abraitis does not assert that he lacks an adequate remedy at law but only that Judge Gallagher patently and unambiguously lacks jurisdiction to proceed. However, Abraitis does not dispute that a probate court has basic statutory jurisdiction over appropriate cases under R.C. 2101.24(A).

{¶ 13} Rather, Abraitis's argument appears to be that because none of the other parties objected or moved to intervene in the tax cases, the probate court is precluded from hearing any matter concerning the estate. He maintains that certain items should not be considered assets of the estate based on the determinations of the tax authorities.

{¶ 14} However, the probate court does not have a tax matter before it but, rather, a concealment claim, over which the probate court has jurisdiction to determine title of allegedly concealed assets. "[C]oncealment actions under R.C. 2109.50 and 2109.52 could be applicable to recover certain assets wrongfully concealed, embezzled, or conveyed away before the creation of the estate." *Goldberg v. Maloney*, 111 Ohio St.3d 211, 2006-Ohio-5485, 855 N.E.2d 856, ¶ 33. (Emphasis deleted.) "R.C. 2109.52 expressly authorizes probate courts in concealment proceedings to resolve 'questions of title' for allegedly concealed, embezzled, or conveyed assets." *Id.* at ¶ 36, citing *State ex rel. Lipinski v.*

*Cuyahoga Cty. Common Pleas Court, Probate Div.*, 74 Ohio St.3d 19, 22, 655 N.E.2d 1303 (1995) ("a declaratory judgment action may be brought in the probate court to determine the validity of *inter vivos* transfers where the property transferred would revert to the estate if the transfers are invalidated").

{¶ 15} Moreover, although the tax determinations or the termination of the mother's guardianship may or may not be preclusive as to the ownership of any assets, the probate court has jurisdiction to consider that issue, and its rulings may be challenged on appeal. *See, e.g.*, *In re Beasley's Estate*, 70 Ohio App.2d 131, 137, 435 N.E.2d 91 (4th Dist.1980) (appeal of tax issues in estate case). Abraitis has failed to establish that Judge Gallagher patently and unambiguously lacks jurisdiction to hear and decide the concealment issue or the motion to correct inventory or to take any other action with regard to the estate.

*Conclusion*

{¶ 16} Because Abraitis has an adequate remedy in the ordinary course of the law and because Judge Gallagher does not patently and unambiguously lack jurisdiction over the probate court action, we affirm the court of appeals' dismissals of Abraitis's complaints in prohibition.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Catherine M. Brady, for appellant.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellees.

_____