[Cite as *In re Estate of Reck*, 2023-Ohio-4206.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| THE ESTATE OF ROBERT J. RECK | : | |
| | : | C.A. No. 2023-CA-5 |
| | : | |
| | : | Trial Court Case No. 21-1-089 |
| | : | |
| | : | (Appeal from Common Pleas Court- |
| | : | Probate Division) |
| | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on November 22, 2023

. . . . . . . . . . .

ROBERT J. HUFFMAN, JR., Attorney for Appellant

ROBERT M. HARRELSON & WILLIAM M. HARRELSON, Attorneys for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Appellant Robin R. Reck ("Robin") appeals from a judgment of the Darke County Common Pleas Court, Probate Division, that denied her Civ.R. 60(B) motion for relief from judgment. For the following reasons, the judgment of the trial court will be affirmed.

## I. Facts and Procedural History

**{¶ 2}** On September 6, 2017, Robert J. Reck ("Robert") executed an inter vivos revocable trust, naming himself as settlor and trustee of the Robert J. Reck Trust ("the Trust"). At that time, all five of Robert's children, Robin R. Reck, Robert E. Reck ("Robert E."), Gretchen Schmidt, Philip A. Reck, and Alexander R. Reck, were named as successor trustees and contingent beneficiaries of the Trust. The Trust contained an in terrorem clause, by which any beneficiary who challenged the validity of the Trust would not be allowed to receive anything from the Trust; any bequest or devise made to one who challenged the Trust would lapse. The in terrorem clause stated, in part:

12.05 If any beneficiary under this Trust shall interpose objections to the validity of this Trust, or institute or prosecute or be in any way interested or instrumental in the institution or prosecution of any action or proceeding for the purpose of setting aside, challenging, contesting, or invalidating any trust which I have created, then I direct that such beneficiary shall receive nothing whatsoever under this Trust, and the bequest or devise made to him or her shall lapse.

Trust p. 12.[1]

**{¶ 3}** That same day that the Trust was executed, Robert executed a will that identified two specific bequests (potential specific gifts of tangible personal property and designated insurance policies) and placed all the residual of his property into the Trust. Robert's will named his daughter Robin as the executrix of his estate, with the

---

[1] A complete copy of the Trust was never submitted into the record. Only pages 1, 12, and 13 are in the record, which includes the entirety of the in terrorem clause.

other children listed as successor executors.

{¶ 4} On June 14, 2019, Robert J. Reck executed an amendment to the Trust ("the First Amendment") whereby he removed Robin, Robert E., and Alexander as successor trustees and retained Gretchen and Philip as the successor co-trustees to the Trust. Notably, all five of the Reck children remained contingent beneficiaries of the Trust. The First Amendment to the Trust was drafted and witnessed by attorney William M. Harrelson, II ("Harrelson").

{¶ 5} On August 1, 2019, Robert executed a codicil to his will. The terms of the codicil removed Robin as the executrix and his sons Robert E. and Alexander as successor executors. They were replaced by Gretchen as the executrix of the estate and Philip as the sole successor executor. The codicil to the will was drafted and witnessed by Harrelson.

{¶ 6} On August 30, 2019, Robin filed an application for the appointment of a guardian for Robert in Darke P.C. No. 2019-2-025. Harrelson and his law firm represented Robert and Robert's wife, Sue Reck, in this guardianship case. In an agreed entry filed on November 5, 2020, Robert was declared incompetent based on evidence presented and stipulations made during hearings held on August 6, 2020, and October 7, 2020. The probate court appointed attorney Travis Fliehman as guardian of Robert's estate and Sue as guardian of Robert's person.

{¶ 7} After evidence was presented to the probate court that Robert was incompetent but before the court declared him incompetent, Robert executed a second amendment to the Trust ("the Second Amendment") on September 22, 2020. The

Second Amendment expressly removed Robin, Robert E., and Alexander from the list of contingent beneficiaries of the Trust and revoked a right-of-first-refusal clause concerning the sale of Trust property.[2] The Second Amendment to the Trust was drafted and witnessed by Harrelson.

{¶ 8} On December 29, 2020, Robin filed a complaint for declaratory judgment in the Darke County Common Pleas Court challenging the validity of the First Amendment and asserting a claim to remove Gretchen and Philip as successor trustees, based on Robert's alleged incapacity as well as alleged undue influence by Gretchen and Philip. *Robin R. Reck v. Alex Reck et al.*, Darke C.P. No. 20-CV-550.

{¶ 9} On February 16, 2021, Robert passed away. On March 5, 2021, Robin filed an amended complaint removing Robert's guardian as a party and restating the claims made in her original declaratory judgment complaint.

{¶ 10} On March 9, 2021, the Estate of Robert J. Reck was opened by Gretchen in Darke County P.C. No. 2021-1-089. In accordance with the August 1, 2019 codicil, Gretchen was appointed as the executrix of Robert's estate. On April 29, 2021, Robin filed a motion to remove Gretchen as executrix of Robert's estate. As grounds for removal of Gretchen as executrix, Robin alleged that Gretchen had failed to account for trust assets, failed to sequester trust assets, commingled trust assets, failed to cooperate with Robert's guardian and prior court-appointed guardian ad litem, unduly influenced Robert and his wife, refused recommended medical treatment for Robert,

---

[2] The right-of-first-refusal clause is not included in the three pages of the Trust submitted into the record, and the only evidence of its existence is in the Second Amendment to the Trust that removed any such clause.

contributed to the chaos and acrimony within the family, and refused to recognize Robert's incompetence. Prior to a hearing on Robin's motion, Gretchen filed a motion for leave to file a motion for summary judgment, which included a copy of her motion for summary judgment. Gretchen alleged that Robin lacked standing to file a motion to remove her as executrix because Robin was no longer a beneficiary of the estate due to the invocation of the in terrorem clause in the Trust. Ultimately, the probate court granted Gretchen's motion for leave and her motion for summary judgment. In its September 10, 2021 decision granting summary judgment, the probate court found that Robin's act of filing the declaratory judgment complaint in Case No. 20-CV-550 had triggered the application of the in terrorem clause in the Trust, thereby divesting Robin of her status as a beneficiary in the Trust. Therefore, the probate court found that Robin lacked standing to file a motion to remove Gretchen as the executrix of Robert's estate.

**{¶ 11}** Robin appealed the probate court's summary judgment decision to this Court. *In the Matter of Estate of Reck*, 2d Dist. Darke No. 2021-CA-13, 2022-Ohio-719 ("*Reck I*"). In that appeal, Robin argued that, "before enforcing the in terrorem clause, the probate court should have considered whether a 'public policy' or 'good faith' exception applied, since she had alleged that the First Amendment to the Trust was procured as a result of undue influence and/or lack of testamentary capacity." *Id.* at ¶ 8.

**{¶ 12}** We concluded that "Robin's act of filing the declaratory judgment complaint triggered the application of the in terrorem clause in the Trust, thereby

divesting her of her status as a beneficiary of the Trust." *Id.* at ¶ 19. We concluded that, because she no longer was a beneficiary of Robert's Trust or in possession of a pecuniary interest in the Trust, the probate court had correctly found that Robin lacked standing to file a motion to remove Gretchen as the executrix of the estate. *Id.* at ¶ 22.

{¶ 13} Following our affirmance of the judgment of the probate court, Robin filed a Civ.R. 60(B) motion in the probate case on June 24, 2022. Robin argued that, based on newly discovered evidence (i.e., the Second Amendment to the Trust), the probate court's September 10, 2021 decision granting summary judgment was erroneous and should be vacated. The language of the Second Amendment removed Robin as a beneficiary of the Trust. Accordingly, Robin reasoned that the in terrorem clause could not have applied to her as the probate court had previously found, because the clause only applied to beneficiaries of the Trust, which she no longer was according to the Second Amendment. Therefore, the probate court's decision that was based solely on the application of the in terrorem clause was made in error.

{¶ 14} The probate court denied Robin's Civ.R. 60(B) motion without a hearing, finding that the language in the Second Amendment removing Robin as a beneficiary of the Trust meant that she lacked standing to seek the removal of Gretchen as executrix regardless of whether the in terrorem clause applied. The probate court further found that Robin had not alleged operative facts that would warrant relief from judgment because, under the newly discovered evidence (the Second Amendment), the result would be the same: Robin had no pecuniary interest in the estate that would give her the requisite standing to seek removal of the executrix. Robin filed a timely

notice of appeal.

{¶ 15} In her sole assignment of error, Robin argues that the trial court erred by finding that she had no meritorious claim or defense to support her Civ.R. 60(B) motion. She contends that, first, the trial court erred by misapplying the law and, second, the court erred by relying on *Bradford v. Bradford*, 19 Ohio St. 546 (1869). For purposes of ruling on the Civ.R. 60(B) motion, the trial court accepted the factual allegations alleged in Robin's motion.

## II.    Civ.R. 60(B)

{¶ 16} Pursuant to Civ.R. 60(B), the trial court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 17} To prevail on a motion brought under Civ.R. 60(B), the movant must establish "(1) a meritorious claim or defense in the event relief is granted, (2) entitlement to relief under one of the provisions of Civ.R. 60(B)(1) through (5), and (3)

timeliness of the motion." (Citations omitted.) *State ex rel. Hatfield v. Miller*, Ohio Slip Opinion 2023-Ohio-429, __ N.E.3d __, ¶ 8. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994), citing *GTE Automatic Elec. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 151, 351 N.E.2d 113 (1976).

{¶ 18} "In order to establish a meritorious claim or defense under Civ.R. 60(B), the movant is required to allege a meritorious claim or defense, not to prove that she will prevail on such claim or defense." *Aurora Loan Servs., L.L.C. v. Wilcox*, 2d Dist. Miami No. 2009-CA-9, 2009-Ohio-4577, ¶ 14. "A 'meritorious defense' means a defense 'going to the merits, substance, or essentials of the case' " *Wayne Mut. Ins. Co. v. Marlow*, 2d Dist. Montgomery No. 16882, 1998 WL 288912, *2 (June 5, 1998), quoting *Black's Law Dictionary* 290 (6th Ed.Rev.1991). "Broad, conclusory statements do not satisfy the requirement that a Civ.R. 60(B) motion must be supported by operative facts that would warrant relief from judgment." *Wilcox* at ¶ 14.

{¶ 19} The decision to grant or deny a Civ.R. 60(B) motion is left to the sound discretion of the trial court and will not be reversed on appeal absent a showing of an abuse of discretion. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996). " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990), citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248

(1985).

**{¶ 20}** "[A] movant has no automatic right to a hearing on a motion for relief from judgment." *Hrabak v. Collins*, 108 Ohio App.3d 117, 121, 670 N.E.2d 281 (8th Dist.1955). "It is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without holding an evidentiary hearing only if the motion or supportive affidavits contain allegations of operative facts that would warrant relief under Civ.R. 60(B)." (Citations omitted.) *GMAC Mtge., L.L.C. v. Herring*, 189 Ohio App.3d 200, 2010-Ohio-3650, 937 N.E.2d 1077, ¶ 33 (2d Dist.).

### III. Analysis

**{¶ 21}** The present appeal presents only a limited issue for review. To our knowledge, there is an action still pending in Case No. 20-CV-550 regarding the validity of the First and Second Amendments. If the court in that case were to find that the Amendment(s) were not valid, that could have a significant impact on whether Robin has an interest in Robert's estate. But that issue is for the trial court in Case No. 20-CV-550 to decide in the first instance. The appeal before us is limited to whether the probate court abused its discretion in overruling Robin's Civ.R. 60(B) motion based on the evidence before the court.

**{¶ 22}** Robin filed the motion to remove Gretchen as executrix pursuant to R.C. 2109.24 and R.C. 2113.18. R.C. 2109.24 provides, in part, that "[t]he court may remove any such fiduciary * * * for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the property, testamentary trust, or estate that the fiduciary is responsible for administering demands

it, or for any other cause authorized by law." R.C. 2113.18(A) provides that "[t]he probate court may remove any executor or administrator if there are unsettled claims existing between the executor or administrator and the estate that the court thinks may be the subject of controversy or litigation between the executor or administrator and the estate or persons interested in the estate." Although R.C. 2109.24 and R.C. 2113.18 are silent as to who may challenge the removal of an executor of a will, we generally view those persons who have an interest in the estate as the same parties who have standing to remove the executor. *Reck I*, 2d Dist. Darke No. 2021-CA-13, 2022-Ohio-719, at ¶ 20. Pursuant to R.C. 2107.71(A), any "person interested in a will or codicil admitted to probate * * * may contest its validity by filing a complaint in the probate court in the county in which the will or codicil was admitted to probate." "A 'person interested' for purposes of a will contest is '[a]ny person who has such a direct, immediate, and legally ascertained pecuniary interest in the devolution of the testator's estate as would be impaired or defeated by the probate of the will, or be benefited by setting aside the will.' " *State ex rel. Abraitis v. Gallagher*, 143 Ohio St.3d 439, 2015-Ohio-2312, 39 N.E.3d 491, ¶ 16, quoting *Bloor v. Platt*, 78 Ohio St. 46, 49-50, 84 N.E. 604 (1908).

**{¶ 23}** Prior to any hearing on Robin's motion to remove Gretchen as the executrix, Gretchen filed a motion for summary judgment, alleging that Robin lacked standing to seek her removal. The basis of Gretchen's motion was that Robin had triggered the in terrorem clause in the Trust when she challenged the validity of the First Amendment in the common pleas court, which then removed her as a beneficiary

of the Trust. Absent Robin's position as a beneficiary of the Trust, Gretchen argued that Robin lacked standing to challenge Gretchen's position as executrix of the estate. A hearing on Gretchen's motion was held on September 1, 2021, at which her attorney, Harrelson, argued the same alleged deficient standing as her motion. The trial court agreed, and this Court affirmed the trial court's decision. *Reck I* at ¶ 22, 24.

{¶ 24} According to Robin, after the appeal, she learned through discovery in Case No. 20-CV-550 that Robert had allegedly executed the Second Amendment to the Trust, which completely disinherited her. The Second Amendment also removed from the Trust the option of any of Robert's children to a right-of-first refusal in the sale of any property under the Trust. The Second Amendment had been drafted and witnessed by Harrelson, one of the attorneys who had represented Robert and Sue in the guardianship case in which Robert had been declared incompetent and who had represented Gretchen in both probate Case Nos. 2021-1-089, and 20-CV-550. Consequently, at the time Robin filed her motion to remove Gretchen as the executrix, Harrelson was fully aware of the content and implications of the Second Amendment. Rather than informing either Robin or the probate court that Robin lacked standing because she was excluded as a beneficiary, Gretchen and her attorney. Harrelson, cited to the in terrorem clause. Significantly, the plain terms of the in terrorem clause applied only to beneficiaries of the Trust. Thus, if Robin had been removed as a beneficiary of the Trust by the Second Amendment, the in terrorem clause would not have applied to her.

{¶ 25} It is clear from the record that the probate court was not made aware of

the contents of the Second Amendment prior to its September 10, 2021 judgment entry granting Gretchen's motion for summary judgment. As the drafter and sole witness to the Second Amendment to the Trust, Harrelson had been fully aware of the contents of the Second Amendment months before Robin filed to remove Gretchen as the executrix. Yet he repeatedly argued for the application of the in terrorem clause in both the probate court filings and oral arguments he made in court, knowing that the probate court lacked full knowledge of the extent of the Trust and the Second Amendment to the Trust, which could have been critical to the probate court's proper determination of the issues. These actions misled the probate court and caused it to issue a decision based solely on the language contained in the in terrorem clause. These actions similarly led us to affirm the probate court's decision based on the language in the in terrorem clause. Moreover, as a result of failing to reveal the contents of the Second Amendment to the Trust previously, this case has been progressing in a piecemeal fashion, which is highly disfavored under the law. We are troubled by such conduct of an officer of the court, especially when he was tasked with representing and guiding the current fiduciary of the estate.

{¶ 26} Despite our serious concerns with Harrelson's actions, we agree with the trial court that under the facts alleged in Robin's Civ.R. 60(B) motion, she lacked standing to challenge Gretchen's status as executrix of the estate. Therefore, she did not have a meritorious claim or defense in the event Civ.R. 60(B) relief were granted.

{¶ 27} "Standing is a threshold question for the court to decide in order for it to proceed to adjudicate the action." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77,

701 N.E.2d 1002 (1998). As a jurisdictional requirement, standing must be determined as of the commencement of suit. *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 22, 24. "The question of standing is whether a litigant is entitled to have a court determine the merits of the issues presented." *Ohio Contractors Assn. v. Bicking*, 71 Ohio St.3d 318, 320, 643 N.E.2d 1088 (1994), citing *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

**{¶ 28}** The Will identified two specific bequests and placed the residual of Robert's estate into the Trust. No party has cited any evidence in the record that Robin was to receive anything from either of the Will's specific bequests. The record further reflects that Robin neither challenged the Will itself nor the codicil to the Will that removed her as executrix. Accordingly, Robin would only have a pecuniary interest in the estate if she were a beneficiary of the Trust.

**{¶ 29}** The parties agree, and the record reflects, that Robin was originally identified as a contingent beneficiary of the Trust and, further, that the in terrorem clause was included in the Trust to apply to any beneficiary of the Trust. But based on the plain language of the Second Amendment, Robin was specifically excluded as a beneficiary of the Trust. The Second Amendment also removed any right-of-first refusal that was apparently provided for in the Trust but not reflected in the three pages of the Trust submitted into the record.

**{¶ 30}** Robin argues that the probate court should have granted her Civ.R. 60(B) motion because Gretchen's original motion for summary judgment relied solely on the

in terrorem clause, which no longer applied under the Second Amendment. While we understand Robin's argument, we cannot sustain her assignment of error. As a threshold matter, Robin was required to have standing to file the motion to remove Gretchen as executrix. According to the Second Amendment, Robin did not possess a pecuniary interest in the Trust at the time she filed her motion to remove Gretchen as executrix. As a result, even if the probate court were to grant Robin's requested Civ.R. 60(B) relief, Robin lacked a meritorious claim or defense in the event relief were granted. Accordingly, the trial court did not abuse its discretion by overruling her Civ.R. 60(B) motion without a hearing.

{¶ 31} Robin further argues that the trial court's decision should "be reversed on the basis that the common law created by *Bradford* has been modified by R.C. 5804.06 and R.C. 5817.10." Brief of Appellant, p. 26. But Robin's argument involving *Bradford* and the in terrorem clause are not relevant to this appeal, since the Second Amendment ultimately rendered the in terrorem clause inapplicable to Robin as a non-beneficiary.

{¶ 32} Robin's sole assignment of error is overruled.

## IV. Conclusion

{¶ 33} For the foregoing reasons, we will affirm the judgment of the probate court.

. . . . . . . . . . . .

TUCKER, J., concurs.

EPLEY, J., concurs in judgment only.